DARREN J. LEMIEUX, Nevada Bar No. 9615
LUCY CROW, Nevada Bar No. 15203
MICHAEL MONTECALVO (Admitted *Pro Hac Vice*)
AARON J. HORNER (Admitted *Pro Hac Vice*)
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel:   702.949.8200
Fax:   702.949.8398
Email: Darren.Lemieux@wbd-us.com
       Lucy.Crow@wbd-us.com
       Michael.Montecalvo@wbd-us.com
       AJ.Horner@wbd-us.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
*J.C. Steele & Sons, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KMI ZEOLITE, INC., a Nevada corporation,<br><br>        Plaintiff / Counterclaim-Defendant,<br><br>v.<br><br>J.C. STEELE & SONS, INC., a North Carolina corporation; DOES, I-X, ROE BUSINESS ENTITIES I through X, inclusive,<br><br>        Defendant / Counterclaim-Plaintiff. | Case No. 2:24-cv-01215-RFB-EJY<br><br>**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY AND REBUTTAL EXPERT DISCLOSURE DEADLINE**<br><br>**(FIRST REQUEST)** |

Pursuant to LR 26-3, Defendant J.C. Steele & Sons, Inc. ("J.C. Steele"), by and through undersigned counsel, and Plaintiff KMI Zeolite, Inc. ("KMI") hereby state as follows:

KMI filed the instant lawsuit on July 4, 2024. *See* ECF No. 1.  After filing a motion to dismiss, J.C. Steele answered on December 6, 2024. *See* ECF Nos. 8, 28. The parties filed an Amended Stipulated Discovery Plan and Scheduling Order on December 3, 2025 (ECF No. 24), which the Court adopted (ECF No. 25). Discovery currently closes on June 20, 2025. *See* ECF Nos. 24, 25.

**I.    DISCOVERY COMPLETED**

The following discovery has been completed in this matter:

        a.    Each party has served disclosures and supplements pursuant to FRCP 26.

      b.      On December 20, 2024, J.C. Steele served Requests for Admission, Requests for Production, and Interrogatories, to which KMI responded on February 4, 2025.

      c.      On February 17, 2025, KMI served Requests for Production, to which J.C. Steele responded on April 14, 2025.

      d.      On April 8, J.C. Steele served its Second Set of Requests for Production, to which J.C. Steele responded on May 8, 2025.

      e.      On April 21, 2025, KMI disclosed two experts.

      f.      On May 7, 2025, KMI served its Second Set of Requests for Production, to which J.C. Steele's responses are due on June 6, 2025.

      g.      On May 14, 2025, KMI served its Second Set of Interrogatories to which J.C. Steele's responses are due June 13, 2025.

      h.      On May 14, 2025, KMI served its Third Requests for Production of Documents, to which J.C. Steele's responses are due June 13, 2025.

      i.      J.C. Steele has taken the deposition of two individuals.

      j.      KMI has taken the deposition of one individual.

**II.    DISCOVERY REMAINING**

      a.      J.C. Steele will respond to KMI's May 7, 2025, Requests for Production and Interrogatories for which responses are due on June 6, 2025.

      b.      J.C. Steele will respond to KMI's May 14, 2025, written discovery for which responses are due June 13, 2025.

      c.      J.C. Steele intends to take the deposition of one more individual.

      d.      KMI intends to take the deposition of three more individuals. The depositions are currently set for May 29 and June 3, 2025. The third deposition which was set for May 20, is currently being re-scheduled.

      e.      J.C. Steele intends to depose KMI's two designated experts.

      f.      J.C. Steele intends to disclose rebuttal experts.

      g.      KMI may depose J.C. Steele's rebuttal experts.

### III. REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN TIME LIMITS SET BY DISCOVERY PLAN

As part of the ongoing conferrals, KMI has made several very recent supplementals to its responses and productions. As a few examples: (1) on April 25, KMI produced over 1,000 documents mostly comprised of communications between the parties; (2) on April 28, KMI produced on over 100 photos and videos; (3) on May 2, KMI produced important financial data; (4) on May 8, KMI produced more than 1,000 documents, largely comprised of internal communications; (6) on May 12, KMI disclosed a cost analysis; and (7) on May 13, KMI produced more than 3,000 documents.

**J.C. Steele's Position:** J.C. Steele, its counsel, and its experts are still reviewing the 3,000-plus documents served by KMI at the end of April and in early May. These recent productions have inhibited J.C. Steele's experts' ability to prepare expert reports by the current expert disclosure deadline on May 21, 2025. J.C. Steele was unable to seek an extension 21 days before the deadline on May 21, 2025, because J.C. Steele was not aware that KMI's supplemental productions would require a significant amount of time to review. After receiving the supplemental productions on May 2, 2025, on May 5, 2025, counsel for J.C. Steele requested that KMI agree to extend the rebuttal J.C. Steele's expert disclosure deadline to allow J.C. Steele to review the recent production and the forthcoming production of internal communications. Thereafter, on May 8 and 13, KMI's counsel produced 3,000-plus documents further necessitating an extension. There is good cause to extend J.C. Steele's rebuttal expert disclosure deadline by two weeks to allow J.C. Steele to review these productions. J.C. Steele's inability to seek an extension earlier was not due to its own neglect, but even if it were due to J.C. Steele's neglect, it should be excused because J.C. Steele did not anticipate KMI's productions would be so large. Below, KMI asserts these productions are timely and only large due to the metadata included. J.C. Steele disagrees. While KMI's productions were partially made in response to recent discovery requests, they contain thousands of documents subject to the parties' ongoing conferrals and responsive to discovery served in December 2024. J.C. Steele has repeatedly conferred with KMI to resolve J.C. Steele's discovery concerns without intervention from the court and these productions are largely a result of that effort. The parties also

1  spent several days exchanging drafts of this stipulation, which further delayed this request to extend
2  the deadlines. J.C. Steele also disagrees with KMI's representations below regarding the drafts of
3  this stipulation and its compliance with the Local Rules.

4  There is good cause to extend the expert rebuttal disclosure by two weeks from May 21,
5  2025, to June 4, 2025. Although this stipulation is filed less than 21 days before the May 21, 2025,
6  deadline, the extension became necessary after May 1, 2025. There is also good cause to extend the
7  close of discovery by one week from June 20, 2025, to June 27, 2025, to accommodate KMI's
8  depositions of J.C. Steele's experts.

9  **KMI's Position:** JC Steele first requested an extension of the rebuttal expert deadline on
10 May 5 citing the fact that it was working through recent supplements and still waiting on additional
11 internal communications. Neither of KMI's experts relied on internal communications, and KMI
12 was concerned supplementations was not legitimate grounds to extend a rebuttal expert deadline
13 because experts can supplement their reports 30 days before trial. Nevertheless, KMI initially
14 offered a one-week extension, but then later agreed to a two-week extension in light of KMI's
15 counsel's planned vacation the week of June 15 and upon the condition that if KMI chose to depose
16 JC Steele's rebuttal expert(s), JC Steele would ensure his/her availaby the week of June 23. The
17 parties also agreed to extend discovery one week to accommodate this. KMI noted, however, that
18 JC Steele may have issues with excusable neglect for purposes of the rebuttal expert deadline, but
19 good cause was still in play in terms of extending discovery. JC Steele did not circulate its first
20 draft of a document to extend these deadlines until May 14, and even then what it circulated was
21 not in compliance with Local Rule 26-3; in fact the rule was not even cited. After having to twice
22 direct JC Steele's counsel to the local rule, it was not until May 16 that JC Steele finally provided
23 a version that complied with the rules. But JC Steele was now including as grounds for excusable
24 neglect, KMI's responses to written discovery issued by JC Steele. Those responses were due on
25 May 8. KMI does not believe this could possibly serve as grounds for excusable neglect as KMI
26 responded on the date the responses were due. Also, the only reason the production is voluminous
27 is JC Steele requested meta data. Thus, it is the meta data that makes up the volume as opposed to
28 anything substantive. Ultimately, however, KMI agrees with a two-week extension for the rebuttal

1  expert deadline and one week for the close of discovery. But defers to the Court to determine
2  whether excusable neglect exists.
3      To ensure there is sufficient time for KMI to depose the rebuttal experts KMI believes good
4  cause exists to extend the close of discovery from June 20, 2025 to June 27, 2025.

5  **IV.    PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Rebuttal Expert Disclosure | May 21, 2025 | June 4, 2025 |
| Close of Discovery | June 20, 2025 | June 27, 2025 |

11  This is the first request to extend any discovery deadlines in this action. No other deadlines
12  will be affected by these two short extensions. The parties submit this Stipulation and Order in good
13  faith and not for purposes of delay or to prejudice any party.

14  DATED this 19th day of May, 2025.

15  HANKS LAW GROUP      WOMBLE BOND DICKINSON (US) LLP

By: */s/ Karen L. Hanks*      By: */s/ Lucy C. Crow*
Karen L. Hanks, Bar No. 9578      Darren J. Lemieux, Bar No. 9615
7625 Dean Martin Drive, Suite 110      Lucy C. Crow, Bar No. 15203
Las Vegas, Nevada 89139      Michael Montecalvo (Admitted *Pro Hac Vice*)
     Aaron J. Horner (Admitted *Pro Hac Vice*)
*Attorney for KMI Zeolite, Inc.*      3993 Howard Hughes Parkway, Suite 600
     Las Vegas, Nevada 89169

*Attorneys for Defendant J.C. Steele & Sons, Inc.*

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 19, 2025