UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KMI ZEOLITE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>J.C. STEEL & SONS, INC., a North Carolina corporation; DOES I-X; ROE BUSINESS ENTITIES I through X, inclusive<br><br>Defendants. | Case No. 2:24-cv-01215-RFB-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Compel Responses to Interrogatories filed by Defendant J.C. Steele & Sons, Inc. (Defendant or "J.C. Steele"). ECF No. 38. The Court considered the Motion, Opposition (ECF No. 41), and Reply (ECF No. 42).

**I.  Discussion**

Federal Rule of Civil Procedure 33(a)(1) states: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." While the Rule does not define the term "discrete subparts," it is well accepted that subparts count collectively as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (internal quotation marks omitted). As explained in *Kendall*:

> "[p]robably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

*Id*.

"Determining whether an interrogatory counts as a separate question requires a pragmatic approach." *Waterbury v. Scribner*, Case No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at

1

*2 (E.D. Cal. May 8, 2008). "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D. D.C. 2005).

Here, Defendant seeks to compel KMI Zeolite Inc. ("KMI" or "Plaintiff") to answer Interrogatory Nos. 14, 15, and 16 of the First Set of Interrogatories. However, a review of the Motion shows Interrogatory No. 14 was answered. That is, the question sought the "name of each individual acting on behalf of J.C. Steele" as it pertained to allegations in various paragraphs of Plaintiff's Complaint. ECF No. 38 at 4. A review of the response included in the Motion indicate the names of those acting on behalf of J.C. Steele were provided. *Id*. at 4-5. Thus, at best, it is unclear what Defendant seeks to compel with respect to Interrogatory No. 14 and on this basis no order compelling further responses will be granted.

With respect to Interrogatory Nos. 15 and 16, Plaintiff objected on one basis only: that the number of interrogatories permitted by Federal Rule of Civil Procedure 34 were exceeded when all discrete subparts of the interrogatories were counted. *Id*. at 5. By way of guidance, the Court notes the Advisory Committee Notes to the 1993 Amendments to Rule 33 states, in part, that:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Analyzing Interrogatory No. 15, the Court finds, just like when a party asks the time, place, persons present and contents of a communications, Defendant's primary question is the name of each individual acting on behalf of J.C. Steele and not the paragraphs identified for which responses are requested. While it is true J.C. Steele might have avoided Plaintiff's objection by asking the identity of all individuals to whom Plaintiff refers in its Complaint, then providing an example or two, an outcome based on this analysis elevates form over substance, which the Court will not do in this instance.

2

Further, after providing the Court with the language found in Rule 33 and case law reiterating the tests applicable to determining if an interrogatory contains discrete subparts, a question that does not allow for precise determination, KMI offers no citation to law in support of its position in this case. *See* ECF No. 41. A review of Plaintiff's Complaint reveals many allegations with unidentified participants that leaves Defendant with an impaired ability to defend. ECF No. 1. When considering the above, the requirements Rule 26(a)(1)(A)(i) (making mandatory the disclosure, "without awaiting a discovery request," of names and, if known, addresses and phone numbers of individuals who are likely to have discoverable information), and the truth seeking purpose of discovery, *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D. Cal. 1995), the Court finds KMI's arguments unpersuasive.

Indeed, on a motion to compel discovery, "[t]he party opposing discovery bears the burden of resisting disclosure." *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012). And, well settled law establishes the Court has "wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Plaintiff has not met its burden. The Court rejects KMI's contention that it may resist responding to J.C. Steele's Interrogatory No. 15 on the sole basis asserted—that is, that J.C. Steele has exceeded the number of interrogatories it may propound under Rule 33 of the Federal Rules of Civil Procedure. The objection is overruled and KMI must answer the interrogatory. Further, because Plaintiff's objection to Interrogatory No. 15 is overruled, and J.C. Steele has not exceeded the number of interrogatories that are permitted under applicable rule, KMI's objection to Interrogatory No. 16, made on the exact same basis as the objection to Interrogatory No. 15, is also overruled. KMI must answer Interrogatory No. 16.

**II.  Order**

IT IS HEREBY ORDERED that Defendant J.C. Steele & Sons Inc.'s Motion to Compel Responses to Interrogatories (ECF No. 38) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff KMI Zeolite, Inc. must respond to Interrogatory Nos. 15 and 16 no later than **July 7, 2025**.

IT IS FURTHER ORDERED that the Court exercises its discretion and declines J.C. Steele's request for "reasonable expenses."

Dated this 16th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE